IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRAKASH NARAYAN,

     Plaintiff,                            No. CIV S-10-3115 FCD EFB (TEMP) PS

    vs.

BEST BUY, INC., et al.,

     Defendants.                  FINDINGS AND RECOMMENDATIONS

_____/

     This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). A scheduling conference was held on March 16, 2011. Plaintiff failed to appear and no appearance was made on behalf of any defendant. Upon review of the court's file, THE COURT FINDS AS FOLLOWS:

     Plaintiff filed the instant action on April 28, 2010 in state court, alleging a claim under the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* The action was removed under Federal Question jurisdiction to this court by defendant JP Morgan Chase National Corporate Services, Inc. on November 18, 2010. Dckt. No. 1. Defendant JP Morgan

////

////

1  was not served until October 20, 2010 and therefore the removal petition is timely.[1]

2  The action arise out of a purchase of a laptop computer.  Plaintiff alleges the computer
3  worked for only 25 days and that he paid the sum of $321.90.  Plaintiff asserts a violation of the
4  FDCPA because defendants have continued to demand payment for a disputed sum.

5  By order filed November 19, 2010, this matter was set for status conference on March 16,
6  2011 before Magistrate Judge Mueller.  Dckt. no. 4.  Due to the elevation of Magistrate Judge
7  Mueller to the position of District Judge, the action was reassigned and by minute order, the
8  status conference was reset before the undersigned for March 16, 2011.  Dckt. Nos. 8, 9.  No
9  status report was filed by plaintiff and plaintiff failed to appear at the status conference.

10  As provided by Federal Rule of Civil Procedure 4(m), the court may dismiss an action
11  where service of summons is not made within 120 days after the filing of the complaint.  In the
12  order setting status conference, filed November 19, 2010, plaintiff was cautioned that this action
13  may be dismissed if service was not timely completed.  This action was removed to federal court
14  on November 18, 2010 and there is no evidence in the court file that plaintiff has served
15  defendants Best Buy, Inc. and Gateway, Inc. with summons.

16  A district court may dismiss an action for failure to prosecute pursuant to Federal Rule of
17  Civil Procedure 41(b).  *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932
18  F.2d 795, 797 (9th Cir. 1991).  The public's interest in expeditious resolution of litigation and
19  the court's need to manage its docket direct that this case be dismissed.  It appears plaintiff has
20  abandoned this litigation.  Plaintiff has failed to comply with the court's order directing the filing
21  of a status report and failed to appear at the scheduling conference.  Dismissal is therefore
22  warranted under Federal Rule of Civil Procedure 16(c), (f).  In addition, dismissal is appropriate
23  under Federal Rule of Civil Procedure 4(m) in that timely service has not been effected despite
24  ////

---

[1] Defendant JP Morgan settled with plaintiff and was dismissed with prejudice on March 2, 2011.  Dckt. no. 12.

2

1  the court's warning to plaintiff that failure to timely serve summons would result in a
2  recommendation of dismissal.
3      Based on the foregoing, IT IS RECOMMENDED that this action be dismissed, and that
4  the Clerk be directed to close this case.
5      These findings and recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen
7  (14) days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are
10 advised that failure to file objections within the specified time may waive the right to appeal the
11 District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
12 951 F.2d 1153, 1157 (9th Cir. 1991).
13 DATED: March 16, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3